UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gina Spaller,<br>147 Singer Ave<br>Grand River, OH 44045 | )<br>)<br>) | Case No. |
| Plaintiff, | )<br>) | |
| -vs.- | )<br>) | Hon. |
| Equifax Information Services, LLC,<br>P.O. Box 740241<br>Atlanta, GA 30374<br>and<br>Synchrony Bank/Care Credit,<br>P.O. Box 965036<br>Orlando, FL 32896 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT<br><br>Jury Demand<br>Endorsed Hereon |
| Defendants.<br>_____/ | | |

NOW COMES THE PLAINTIFF, GINA SPALLER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, and for her Complaint against the Defendants, pleads as follows

**JURISDICTION**

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.* [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Grand River, Kent County, Ohio.

4. Venue is proper in the Northern District of Ohio, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in Grand River, Lake County, Ohio.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Ohio; and

   b. Synchrony Bank/Care Credit ("SYNCB") is a foreign corporation that conducts business in Ohio.

## GENERAL ALLEGATIONS

7. SYNCB is inaccurately reporting their tradeline opened January 2017 on Plaintiff's Equifax credit file ("Errant Tradeline").

8. SYNCB's tradeline opened January 2017 is reporting a scheduled monthly payment amount of $185.00 on Plaintiff's Equifax credit file.

9. The account reflected by the Errant Tradeline were closed by SYNCB and Plaintiff no longer has any scheduled monthly payment obligations to SYNCB.

10. The Errant Tradeline should be reported with a scheduled monthly payment amount of $0.00. The current reporting is false and misleading.

11. In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

12. On or about September 19, 2023, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with an erroneous scheduled monthly payment amount.

13. On or about September 29, 2023, Plaintiff through her attorneys Credit Repair Lawyers of America, submitted a letter to Equifax disputing the Errant Tradeline.

14. In her dispute letter, Plaintiff explained that the SYNCB account is closed and therefore Plaintiff owes no scheduled monthly payment amount to SYNCB. Plaintiff asked for the scheduled monthly payment amount to be removed and replaced with $0.00.

15. Equifax received Plaintiff's dispute letter on October 22, 2023.

16. Equifax forwarded Plaintiff's dispute to SYNCB.

17. SYNCB received Plaintiff's dispute from Equifax.

18. On or about December 19, 2023, Plaintiff obtained her Equifax credit disclosure, which showed the Errant Tradeline were last reported on December 14, 2023 with a monthly payment of $79.00, and that Equifax and SYNCB failed or refused to report the Errant Tradeline with a scheduled monthly payment amount of $0.00.

19. The Errant Tradeline is false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff. The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a scheduled monthly payment obligation for a debt when there is no such monthly obligation.

20. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has experienced undue stress, depression, embarrassment, and other forms of emotional distress to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms because of Defendants' violations of the FCRA. Plaintiff has also suffered physical harms, including loss of sleep, inability to concentrate, and headaches because of Defendants' failure to correct the Errant Tradeline.

**COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK**

21. Plaintiff realleges Paragraphs One through Twenty as if recited verbatim.

22. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, SYNCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

23. SYNCB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

24. The SYNCB tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

25. As a direct and proximate cause of SYNCB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

26. SYNCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

27. Plaintiff has a private right of action to assert claims against SYNCB arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against SYNCB for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

28. Plaintiff re-alleges the above Paragraphs One through Twenty by reference as if recited verbatim.

29. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, SYNCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

30. SYNCB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

31. As a direct and proximate cause of SYNCB's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, restlessness, and fighting with spouse.

32. SYNCB is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to

be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants her a judgment against SYNCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III- NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff re-alleges the above Paragraphs One through Twenty by reference as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

35. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

37. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

38. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, depression, embarrassment, and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep, inability to concentrate, and headaches.

39. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above Paragraphs One through Twenty as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

42. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported

to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

44. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

45. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, depression, embarrassment, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, inability to concentrate and headaches.

46. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: January 4, 2024                /s/ Gary Hansz

        Gary Hansz (P44956)
        Credit Repair Lawyers of America
        39111 Six Mile Road, Suite 142
        Livonia, MI 48152
        Telephone: (248) 353-2882
        Facsimile: (248) 353-4840
        E-Mail: gary.hansz@crlam.com
        Attorney for Plaintiff